IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY BLACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-1650-NJR |
| ) | |
| **ANGELA CRAIN, KIM MARTIN, DR.** ) | |
| **GONZALEZ, ANTHONY WILLS,** ) | |
| **FRANK LAWRENCE, SGT.** ) | |
| **GUTENSLAW, and WEXFORD HEALTH** ) | |
| **SOURCE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Black alleges he was kept in a healthcare unit cell for approximately one month without consistent access to a bathroom in violation of the Eighth Amendment. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Black makes the following allegations in the Complaint (Doc. 1): From October 1, 2021, to November 1, 2021, Black was placed in the healthcare unit in a room with four other beds, but no toilet or sink. He informed Correctional Officer Willis (not a party to this case) and asked to move to a cell with a toilet, but he only provided him with a urinal and told him to knock if he needed to use the bathroom (*Id*. at p. 8). It sometimes took one to four hours to get to the bathroom; sometimes the cell was unattended and Black was unable to use the bathroom. During a Covid-19 quarantine he also went twenty-five days without access to a shower (*Id*.). Because of the lack of access to a sink, Black was forced to eat his meals without washing his hands, and the urinal would not be emptied for days (*Id*.). Black also urinated on himself several times because he lacked access to a bathroom. Black alleges that Defendants knew there were no bathrooms in his cell but put him in the cell anyway (*Id*. at p. 7).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Angela Crain, Kim Martin, Dr. Gonzalez, Anthony Wills, Frank Lawrence, Sgt. Gutenslaw, and Wexford Health Source for putting Black in a cell without a working toilet or sink, and limited access to a shower.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Simply put, Black fails to state a claim for deliberate indifference. In order to state a viable conditions of confinement claim, Black must allege facts that satisfy both the objective and subjective components of an Eighth Amendment cruel and unusual punishment claim. For the objective component he must allege facts that show that the conditions deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the subjective component, Black must allege facts that show Defendants had the culpable state of mind, that they acted with deliberate indifference to the conditions of confinement. *Farmer*, 511 U.S. at 834. "'Deliberate indifference' means subjective awareness." *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004). The relevant inquiry is whether Defendants "*actually knew* about [Plaintiff's] condition, not whether a reasonable official should have known." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)(emphasis added).

Although the conditions described by Black could potentially rise to the level of unconstitutional conditions of confinement, he fails to allege that he informed the Defendants of those conditions. Black only alleges in conclusory fashion that Defendants were aware of the conditions in the healthcare unit cell when he was placed in the cell. He states no facts to suggest that any of the Defendants actually knew of the conditions in the cell before or after Black was placed there. Nor can any of the Defendants be liable simply because they are supervisors as the doctrine of *respondeat superior* (supervisory liability) does not apply to

---

[1] This includes Black's Fourteenth Amendment claims (Doc. 1, p. 7). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

actions filed under Section 1983. *See,* e.g., *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Further, Wexford also cannot be liable under supervisory liability. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Black fails to cite to any such policy.

Thus, if Black wants to pursue his claims, he will have to file an Amended Complaint. The Amended Complaint should include factual allegations that indicate whether Black informed any of the Defendants of the conditions he faced in the healthcare unit.

## Disposition

For the reasons stated above, Black's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Black is **GRANTED** leave to file a "First Amended Complaint" on or before **March 17, 2022**. Should Black fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Black's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous

4

pleading, and Black must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Black is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Black is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**