IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY BLACK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cv-1650-NJR |
| ANGELA CRAIN, KIM MARTIN, C/O WILLIS, and SGT. GUTENSLAW, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On December 10, 2021, Black filed his original Complaint alleging deliberate indifference to the conditions of his confinement (Doc. 1). That Complaint was dismissed for failure to state a claim, and Black was granted leave to amend his Complaint (Doc. 9). In the Amended Complaint (Doc. 10),[1] Black alleges that he lacked access to a toilet and shower while in the healthcare unit in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] Black attaches a supplemental exhibit at Doc. 11.

1

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint (Doc. 10), Black makes the following allegations: On October 1, 2021, he was placed in cell HCU-324 in the healthcare unit (*Id.* at p. 7). He informed Correctional Officer Willis that the cell did not have a toilet or sink and asked to move to another cell. Instead, Willis provided Black a urinal. He was also told to knock on the door if he needed the restroom (*Id.* at p. 10). Black also informed Angela Crain, Kim Martin, and Sergeant Gutenslaw about the lack of toilet, but they did nothing to remedy the situation (*Id.* at pp. 7-9). Black alleges that he has an enlarged prostate and he would fill his urinal up often but would have to wait until he was escorted to the bathroom down the hall to empty it (*Id.* at p. 9). On many occasions while housed in the cell, he would have to wait hours to use the restroom (*Id.* at p. 10). He also went 25 days without a shower because the prison went on Covid-19 quarantine (*Id.* at pp. 10-11). He was forced to eat his meals without being able to wash his hands after using the urinal (*Id.* at p. 11). He had to eat around two-day old urine. He sometimes urinated on himself when the urinal was full and he could not get to the bathroom (*Id.*). He was housed in the cell for 30 days while having his heart monitored and left the healthcare unit on November 1, 2021 (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Willis, Angela Crain, Kim Martin, and Gutenslaw for housing Black in a cell without a sink or toilet and no access to a shower.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Black states a viable claim for deliberate indifference to his conditions of confinement in Count 1. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004). Because Black only seeks monetary damages, his official capacity claims against Defendants are **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Willis, Angela Crain, Kim Martin, and Gutenslaw.

The Clerk of Court shall prepare for Defendants Willis, Angela Crain, Kim Martin, and Gutenslaw: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Black. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Black, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Black, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Black is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**